IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEONARD NATHANIEL PAULK, JR.,

    Petitioner,

v.                                                                                    Criminal Action No.: 5:11-cv-93

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 28, 2001, the *pro se* petitioner filed a "Notice and Demand for Discharge of Judgment." The pleading was docketed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2241. On July 1, 2011, the Clerk of Court sent the Petitioner a Notice of Deficient Pleading. On July 20, 2011, the Clerk returned Petitioner's money order to be reissued in the correct name. Petitioner paid the filing fee on July 28, 2011.

### II. FACTS

**A.**     **Conviction & Sentence**

On November 30, 2004, Petitioner was convicted by a jury in the United States District Court for the District of New Jersey on Count One: Conspiracy to Possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine and 50 grams or more of cocaine base and Count Three: Knowingly and Intentionally distributing and possession with intent to distribute 115.4 grams of cocaine base.

On December 19, 2005, Petitioner was sentenced to life imprisonment on each Count, to be served concurrently.

On November 5, 2008, the Court of Appeals for the Third Circuit affirmed the judgment of the District Court.

On June 22, 2010, the United States District Court for the District of New Jersey dismissed all filing by petitioner after the Court of Appeals for the Third Circuit mandate; enjoined Petitioner from filings unless through counsel; directed the Clerk not to accept any filings from Petitioner unless submitted by counsel and restrained Petitioner from filing harassing communications to persons connected with his criminal case. See Criminal Dkt. for Case No. 3:2003-CR-00228.

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.'" 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006).

The Petitioner's motion is unintelligible. It appears that he contends that he has been imprisoned for debt in prohibition of the Thirteenth Amendment to the United States Constitution, which prohibits slavery or involuntary servitude. The Petitioner also alleges that involuntary servitude constitutes "imprisonment for debt." The Petitioner argues that the "Magistrate Judge of [t]his Court has a ministerial duty to DISCHARGE said Judgment and debt in accord with 28 U.S.C. §§2207, 2717, 3206, 3201(d), 3008 and 28 U.S.C. §2041." See Doc. 1, Pg. 1. The Petitioner maintains that he has delivered the "Bond" to the Secretary of the

Treasury. For relief, Petitioner seeks an Order for Immediate Release for the Defendant, Aaron Levon Burton and this "Creditor, Attorney-in-Fact, live flesh-and-blood man who has been used as a surety for DEFENDANT." See Doc. 1, Pg. 3. In summary, Petitioner rambles incoherently and does not assert factual allegations that give rise to a valid basis for relief. Accordingly, the Court lacks authority to grant said relief.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE** and dismissed from the docket.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to file timely objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 2, 2011  /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE