IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEONARD NATHANIEL PAULK, JR.,

       Petitioner,

v.                                          Civil Action No. 5:11CV93
                                                        (STAMP)

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.   Procedural History

On June 28, 2011, the pro se[1] petitioner, Leonard Nathaniel Paulk, Jr., filed a "Notice and Demand for Discharge of Judgment."[2] The pleading was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 1, 2011, the Clerk of Court sent the petitioner a notice of general guidelines for appearing pro se and a notice of deficient pleading.  The petitioner paid the filing fee on July 28, 2011.  This matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule of Prisoner Litigation Procedure 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

_____

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

[2]Attached to the petitioner's "notice and demand" is an application for habeas corpus pursuant to 28 U.S.C. § 2241.

After conducting a preliminary review of the file, the magistrate judge issued a report and recommendation recommending that the petitioner's petition be denied as unintelligible and dismissed from the docket. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation. On August 10, 2011, the petitioner filed an affidavit of facts in support of his objection to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation must be affirmed and adopted in its entirety.

II.  <u>Facts</u>

On November 30, 2004, a jury in the United States District Court for the District of New Jersey convicted the petitioner of conspiracy to possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more of cocaine base, and of knowingly and intentionally distributing and possessing with intent to distribute 115.4 grams of cocaine base. The petitioner was sentenced to life imprisonment on each of the two counts, to be served concurrently. The United States Court of Appeals for the Third Circuit affirmed the judgment of the district court.

On June 22, 2010, after receiving the mandate from the Third Circuit, the United States District Court for the District of New

Jersey dismissed all filings by the petitioner, enjoined the petitioner from filing unless through counsel, directed the clerk not to accept any filings from the petitioner unless submitted by counsel, and restrained the petitioner from filing harassing communications to persons connected with his criminal case.  The petitioner is currently an inmate at USP-Hazelton.

### III.  <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979).  The petitioner has filed objections in this case.  Thus, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

### IV.  <u>Discussion</u>

The report and recommendation of the magistrate judge first notes that a district court should construe <u>pro se</u> petitions liberally, not matter how unskillfully pleaded.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (stating that the allegations of a <u>pro se</u> complaint are held to less stringent standards than formal pleadings drafted by lawyers).  However, this Court agrees that principles requiring liberal construction of <u>pro se</u> pleadings are

not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  After all, district courts are not required to conjure up questions never squarely presented.  Beaudett, 775 F.2d at 1278.

As the magistrate judge explains, the petitioner's motion is unintelligible.  It seems that the petitioner attempts to argue that he has been imprisoned for debt in violation of the Thirteenth Amendment, which prohibits slavery or involuntary servitude.  The report and recommendation concludes that the petitioner fails to assert factual allegations that give rise to a valid basis for relief and thus, the court lacks authority to grant the relief requested.

The arguments presented in the petitioner's objections are similarly incomprehensible.  First, the petitioner appears to reiterate his claim that his debt of $32,000,000.00 places him in a state of involuntary servitude in violation of the Thirteenth Amendment.  The petitioner also cites to 28 U.S.C. § 3206, seemingly in support of a claim that his judgment in Case No. 03-CR-228(FLW) should be discharged.  Finally, the petitioner argues that the magistrate judge erred in finding that he failed to state a claim because the "only purpose for this presentment is

'discharge' of judgment in 03-CR-228(FLW)."  (Pet'r's Objs. 3.)
The petitioner demands that this matter be remanded to the
magistrate judge for an order requiring a discharge of judgment and
an order to Warden O'Brien demanding the petitioner's immediate
release.

This Court finds that the petitioner's objections fail to
clarify the allegations presented in his "notice and demand for
discharge of judgment."  Accordingly, this Court agrees that the
petition must be denied as unintelligible and dismissed with
prejudice.

V.   Conclusion

Based upon a de novo review, this Court finds that the report
and recommendation of the magistrate judge should be, and is hereby
AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons
set forth above, the petitioner's petition is DENIED as
unintelligible and DISMISSED WITH PREJUDICE.  It is ORDERED that
this civil action be DISMISSED and STRICKEN from the active docket
of this Court.

Should the petitioner choose to appeal the judgment of this
Court to the United States Court of Appeals for the Fourth Circuit
on issues to which objection was made, he is ADVISED that he must
file a notice of appeal with the Clerk of this Court within thirty
days after the date that the judgment order in this case is
entered.  See Fed. R. App. P. 4(a)(1). He is further advised that
a certificate of appealability is not required for a federal

prisoner proceeding under 28 U.S.C. § 2241.   <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a state court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 27, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE